## DELMUL v NOEDA

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10486. Decided June 2, 1930

Anderson & Lamb and Lefton & Snyder, all of Cleveland for Delmul.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland for Noeda.

**VICKERY, PJ.**

The question was raised as to whether the owner of the car was liable, inasmuch as he was not driving it. It does not seem to be seriously contended here but that he was liable, for he was really driving the car through a deputy in his presence, and he sat close to the driver in the front seat, so we can dismiss that question. If there is any liability at all, it is the liability of the owner of the car.

As already stated at the conclusion of the testimony, a special verdict was asked for by the plaintiff and the principal error urged in this court is that the findings of the jury and the special verdict did not conform to the law and that it was not a special verdict.

There is some criticism as to the facts that the jury found in that special verdict, it being urged that they are conclusions of law. Whether they were or not becomes rather immaterial in this case. We doubt whether they were not proper findings of fact. They seem to be findings of fact all right and not conclusions; but we think this cause must be reversed and remanded, because the special verdict is not in proper form, nor did it pass upon all the issues that were involved.

If we understand the purpose of a special verdict, it is that the jury are to find all the facts and then they are to find, if the plaintiff is entitled to recover, the amount of damages which they are to fix. They have no right to find generally for the plaintiff or for the defendant. Their finding is the facts upon which the court is to determine the conclusions of law to be derived from, or to be used in accordance with, the facts found by the jury and so the finding for the plaintiff or the defendant is the province of the court; and whenever the jury invades that province and finds for either party, it ceases to be a special verdict; and so in the instant case the verdict, instead of being a special verdict, is a **general** verdict for the defendant, the jury setting forth in the paper writing which they signed their reasons for the general verdict; and finding for the defendant was not their province; that was the duty of the court.

The form of the verdict seems to be all right until one gets down to where the amount is to be found in case the court should find that the plaintiff was entitled to recover and the jury in this special verdict, instead of finding said amount, inserted the phrase: "Plaintiff is entitled to no compensation," which means a verdict for the defendant, and so whatever they said prior to that was mere surplusage, and the whole does not amount to a special verdict as is provided for under the statutes of Ohio. The jury was to find the facts and then find the amount which the plaintiff would be entitled to recover if he was entitled to recover at all.

Now in this case the plaintiff was hurt and quite severely hurt and if there had been negligence upon which to base a right to recover, the plaintiff was entitled to recover at least some amount and from the nature of the accident and the injuries it would seem that he would be entitled to recover a substantial amount. So, now, the jury's finding that plaintiff is entitled to "no compensation" was equivalent to finding generally for the defendant and, therefore, no **special** verdict was found, as the plaintiff and defendant too, for that matter, was entitled to under the rules of practice in Ohio where a special verdict is demanded by either side.

This court has lately given its views on this question of special verdicts in the case of Wills vs. The Anchor Cartage and Storage Company, decided by this Court on February 3rd, 1930, in which case the Supreme Court refused to order the Court of Appeals to certify its record. We feel from the shape that this record is in and the form of this verdict, that we have no option but to reverse the judgment for the reason that **all** the issues were not passed upon by the jury, and for the fact that the verdict rendered was in form and in effect a general verdict for the defendant, and the court in rendering judgment upon this verdict for the defendant, committed error, and for that reason the judgment will be reversed and the cause remanded to the Common Pleas Court.

Sullivan and Levine, JJ, concur.